UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KASI R., | Case No. 22-CV-1882 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

James H. Greeman, GREEMAN TOOMEY, and Kira Treyvus, KONOSKI & PARTNERS PC, for plaintiff.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, and James D. Sides and Tracey Chainani, SOCIAL SECURITY ADMINISTRATION, for defendant.

In this lawsuit, plaintiff Kasi R. challenges the Social Security Administration's denial of her application for disability benefits. Now before the Court are the parties' cross-motions for summary judgment.[1] For the reasons that follow, defendant Kilolo Kijakazi's ("the Commissioner's") motion is granted, and plaintiff's motion is denied.

---

[1]The new Supplemental Rules for Social Security Actions promulgated under 42 U.S.C. § 405(g) no longer require parties to file cross-motions for summary judgment, but rather require only the filing of a "brief for the requested relief." Supplemental Rule 6. Although the new Rules do not apply to this action (because it was filed before December 1, 2022), Kasi filed such a brief. ECF No. 18. The Court will treat her brief as a motion for summary judgment.

I. BACKGROUND

Kasi filed an application for disability-insurance benefits in January 2020, when she was 27 years old. Kasi's application alleged that she became disabled on November 5, 2019, as a result of depression, borderline personality disorder, attention-deficit disorder ("ADD"), anxiety, post-traumatic stress disorder ("PTSD"), fibromyalgia, degenerative disc disease, severe fatigue, asthma, and migraines. Admin. Rec. [ECF No. 14] at 251, 275. Kasi later amended her disability onset date to April 25, 2019. *Id.* at 42.

An individual is considered disabled and entitled to receive Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If she is not, the process moves to step two. At step two, the claimant must establish that she has a severe medically determinable impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). If she does, the Commissioner must, at step three, find that the claimant is disabled if her impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the process moves to step four.

At step four, the claimant bears the burden of establishing her residual functional capacity ("RFC") and proving that, in light of her RFC, she cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves that she is unable to perform any past relevant work, the process moves to step five. At step five, the Commissioner has the burden to establish that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can

perform such work, the Commissioner will find the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Kasi's application for benefits was initially denied and then denied again on reconsideration. Admin. Rec. at 151, 158. In September 2021, at Kasi's request, an Administrative Law Judge ("ALJ") held a hearing on her application. Kasi testified at the hearing and was represented by an attorney. *Id.* at 35–62.

After the hearing, the ALJ determined that Kasi had multiple severe impairments, including fibromyalgia, lumbar degenerative disc disease, migraines, temporomandibular joint dysfunction ("TMJ"), depressive disorder, anxiety disorder, borderline personality disorder, ADHD, PTSD, and pain disorder. *Id.* at 13. The ALJ found, however, that the impairments did not meet or medically equal any listed impairments. *Id.* at 14–17. The ALJ then determined that Kasi had the capacity for light work with physical and environmental restrictions (including no exposure to extreme temperatures) and mental restrictions (including that Kasi can carry out only simple tasks and have only occasional interactions with coworkers, supervisors, and the general public). *Id.* at 17. The ALJ restricted Kasi's employment to low-stress work, including no hourly quotas. *Id.* Finally, the ALJ concluded that, notwithstanding these restrictions, there were jobs that Kasi could perform in the national economy. *Id.* at 24. The ALJ thus determined that Kasi was not disabled. *Id.* at 25. The Appeals Council

denied Kasi's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## II. ANALYSIS

### A. Standard of Review

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). Rather, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

### B. Challenge to RFC

Kasi argues that the ALJ erred in formulating Kasi's RFC—specifically, in failing to account for Kasi's complaints of pain in her hands. According to Kasi, her hand pain

is a result of fibromyalgia, a condition that the ALJ found to be a severe impairment. Kasi asserts that the ALJ's failure to impose manipulative limitations in the RFC to account for her hand pain was erroneous.

As the ALJ noted, Kasi frequently complained of pain in both of her hands, and her treating medical providers often diagnosed her with—or noted that she had a history of—bilateral hand pain. Admin. Rec. 18–20; *see also id.* at 468, 472–73, 477, 485, 935–36, 1052, 1055, 1069. Kasi argues that because hand pain is one possible symptom of fibromyalgia, "it stands to reason that Plaintiff's hand pain is a result of fibromyalgia." Pl.'s Supp. Mem. [ECF No. 18] at 10.[2] But Kasi points to no actual medical diagnosis in this regard.

Kasi's argument seems to be that the ALJ believed that Kasi had some limitations in her ability to perform fine and gross movements in her hands but erroneously did not include such limitations in the RFC. But Kasi's contention relies on stray comments and unwarranted inferences from the ALJ's discussion of Kasi's impairments. For example, the ALJ noted that the record did not support limitations "as great" as those Kasi claimed. Admin. Rec. at 18. This comment, according to Kasi, means that the record supports *some* limitations, just not *great* limitations.

---

[2] The Court cites to the internal pagination of the briefing.

But the ALJ's comment that the "record does not support as great limitations as alleged," *id.*, is not specific to Kasi's complaints of hand pain. Rather, it is a comment regarding all of Kasi's claimed impairments. And the RFC does impose significant physical, environmental, and mental restrictions on Kasi's capacity for work. The ALJ did not err in this regard.

Kasi also points to the ALJ's determination that Kasi "does not have [the] inability to perform fine and gross movements *effectively* in both upper extremities." *Id.* at 15 (emphasis added). According to Kasi, the absence of an explicit finding that Kasi had *no* limitations in fine and gross movements means that *some* limitations were appropriate. The ALJ's failure to impose any such limitations, she argues, means that the ALJ did not appropriately evaluate her subjective complaints.

Kasi takes the ALJ's comment regarding Kasi's ability to perform fine and gross movements out of context. That comment appeared in the section of the ALJ's decision in which she evaluated whether Kasi's bilateral hand pain met or medically equaled a listed impairment; it was not a comment about whether Kasi's hand pain imposed limits on her functioning that should be reflected in her RFC. *Id.* at 15 (citing Listing 14.09, *available at* https://www.ssa.gov/ disability/professionals/bluebook/14.00-Immune-Adult.htm#14_09 ). The ALJ thoroughly discussed Kasi's subjective complaints, finding a lack of any medical evidence to support those complaints. *Id.* at

18–20.  The ALJ did not fail to properly evaluate Kasi's subjective complaints of hand pain.

### C. *Subjective Complaints*

Kasi contends that the ALJ erred in evaluating her subjective complaints as a whole.  She argues that fibromyalgia often produces no objective medical findings, and thus that the ALJ erred in relying on the lack of objective evidence to discount her subjective complaints of pain.

But the ALJ did not rely solely on the lack of objective medical evidence of Kasi's fibromyalgia.  The ALJ noted that there were no examination findings such as impaired grip or abnormal gait, but the ALJ also acknowledged that objective findings may not always be present for fibromyalgia.  *Id.* at 20.  The ALJ also examined Kasi's testimony regarding her daily activities (including her ability to work two part-time jobs), finding that those activities—in addition to the lack of objective evidence—undercut Kasi's claim that she was unable to work because of fibromyalgia.  Indeed, the ALJ examined *all* of the factors that Kasi claims the ALJ neglected to discuss.  *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (setting forth factors to consider in evaluating a claimant's subjective complaints).

The ALJ also noted that treating providers had commented that Kasi did not appear motivated to get better and had observed that she "wants disability and it

appears that is her overall motivation." Admin. Rec. at 20, 490. The ALJ took note of the conservative and minimal treatment of Kasi's allegedly disabling conditions. *Id.* at 16, 18, 20. And the ALJ discussed Kasi's work history, how her treating medical providers characterized her abilities, and her self-reported daily activities. *Id.* at 16, 19, 20, 21.

"The ALJ is not required to discuss each *Polaski* factor as long as [the ALJ] acknowledges and considers the factors before discounting a claimant's subjective complaints." *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quotation omitted). The ALJ properly considered the *Polaski* factors, and the record provided sufficient support for the ALJ's determination that Kasi's subjective complaints and self-reported limitations were not entirely credible. *See Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (finding that ALJ did not err in relying on claimant's daily functioning and ability to work with others in determining that claimant's fibromyalgia was not disabling); *see also Miller v. Astrue*, 233 F. App'x 590, 592 (8th Cir. 2007) (ALJ properly considered claimant's "daily activities, the ALJ's personal observations, . . . the lack of aggressive medical treatment, the inconsistency of [claimant's] assertions with the objective medical evidence, and her sporadic work history" in discounting claim that fibromyalgia prevented claimant from working). As the Eighth Circuit has said, "not every diagnosis of fibromyalgia warrants a finding that a claimant is disabled." *Perkins*

*v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011). And "the mere fact that working may cause pain or discomfort does not mandate a finding of disability." *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

Substantial evidence in the record supports the ALJ's determination that Kasi's subjective complaints were not wholly credible.

### D. Record Development

Kasi contends that the ALJ erred in formulating Kasi's RFC without the benefit of any expert opinion, instead relying on the ALJ's own understanding of the information in Kasi's medical records.[3]

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press [her] case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). But the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). And "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

---

[3]Kasi also repeats her contention that the ALJ erred in relying on a lack of objective evidence in discounting Kasi's subjective complaints. The Court has already addressed and rejected that argument.

Kasi contends that the ALJ relied on her own knowledge rather than securing an expert medical opinion in two different areas.  First, she notes that the ALJ found three medical opinions regarding Kasi's functional capacity to be unpersuasive but did not point to any other specific medical opinions regarding Kasi's capacity when formulating Kasi's RFC.  And second, she contends that the ALJ improperly substituted her own opinions regarding Kasi's back pain for the medical evidence.

This last contention is easily disposed of.  The ALJ's determination that the images taken of Kasi's spine were "generally in the mild to minimal range," Admin. Rec. at 20, is taken directly from Kasi's medical records.  *See id.* at 991 (Dr. Diya Odeh's interpretation of Kasi's Sept. 2020 lumbar spine MRI, stating "mild central canal stenosis at L4-5" and "minimal central canal stenosis at L5-S1"); *id.* at 986 (Dr. Michael J. Johnston's interpretation of Kasi's August 2020 spine x-ray, stating "minimal dextroscoliosis"); *id.* at 996 (Dr. Michael J. Johnston's interpretation of Kasi's September 2020 thoracic spine MRI, stating that the MRI was "[n]egative" and showed "[n]o disc herniation, cord deformity, or exiting nerve root impingement" for any disc in Kasi's thoracic spine).  The ALJ did not improperly substitute her own opinion for the medical opinions in the record.

Nor did the ALJ err in formulating Kasi's RFC.  The ALJ's determination that Kasi could perform only light work is actually *more* restrictive than the determinations

of the two state-agency physicians, who opined that Kasi could perform medium work. And thus, if the ALJ erred in disagreeing with the state-agency physicians (as Kasi claims), that error was in Kasi's favor. Moreover, the ALJ is not required to accept every single aspect of a medical opinion that she finds to be generally persuasive. "[T]he ALJ is not required to rely entirely on a particular physician's opinion . . . ." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue,* 496 F.3d 833, 845 (7th Cir. 2007)). Substantial evidence in the record supports the RFC, and the ALJ adequately developed the record.

### E.  Limitations in Dr. Sullivan's Opinion

Kasi's final argument is that the ALJ erred in failing to include limitations recommended by Dr. Sullivan, a state-agency expert. Dr. Sullivan found that Kasi was "moderately limited" in her ability to perform activities within a schedule, maintain regular attendance, and be punctual. Admin. Rec. at 140.

"Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998). Nor is the ALJ required to accept every detail of a particular medical opinion, even if the opinion is persuasive in some respects. *Martise*, 641 F.3d at 927. In this case, the ALJ thoroughly discussed Dr. Sullivan's opinion that Kasi should be limited to "routine, repetitive, 3-4 step" tasks (Admin. Rec. at 140), and the ALJ found that the

opinion was not persuasive because it was "not consistent with the general lack of objective cognitive findings, as well as [Kasi's] ability to engage in part-time work." *Id.* at 22.

The ALJ was required to consider—but not to credit—all of the relevant evidence in the record when formulating Kasi's RFC. *Masterson v. Barnhardt*, 363 F.3d 731, 737–38 (8th Cir. 2004); *see also Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) ("The ALJ is not required to accept every opinion given by a consultative examiner, however, but must weigh all the evidence in the record."). The ALJ adequately explained her decision to credit some, but not all, of the opinions of the state-agency experts, and the RFC imposed by the ALJ is supported by substantial evidence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment [ECF No. 18] is DENIED.

2. Defendant's motion for summary judgment [ECF No. 20] is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 14, 2023

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court